Murphy *v.* Indovina (et al., Appellant).

Argued October 6, 1955. Before STERN, C. J., STEARNE, JONES, MUSMANNO and ARNOLD, JJ.

*John B. Nicklas, Jr.,* with him *Allen D. McCrady* and *McCrady & Nicklas,* for appellant.

*Tom P. Monteverde,* with him *James J. Burns, Jr., Alan D. Riester* and *Brandt, Riester, Brandt & Malone,* for appellees.

OPINION BY MR. JUSTICE JONES, January 4, 1956:

This appeal questions the lower court's jurisdiction of the additional defendant, John Hack, who is a resident of Florida and who was summoned by means of substituted service in asserted reliance upon the so-called Nonresident Property Owners Act of July 2, 1937, P. L. 2747, Sections 1 and 2, 12 PS §§331, 332. Hack appeared specially and filed preliminary objections, raising the jurisdictional question. The court

below overruled the objections in an order from which Hack took this appeal. He contends that the substituted service provided for by the statute was not applicable to him in the circumstances obtaining and that, even if it were appropriate, it was ineffectually made.

The plaintiffs' suit was for the recovery of damages to their property due allegedly to the negligence of the defendant property owners and their contractor in the execution of certain work he was performing for the defendants. Hack formerly resided in Pennsylvania during which time he owned lots Nos. 46 to 64, inclusive, in the Pitt Manor Plan of lots in the City of Pittsburgh. Since February of 1952 the plaintiffs, Thomas A. Murphy and his wife, have been the owners of lot No. 51 improved with a dwelling. The defendants, Burney and wife, Mantle and wife, and Kunzman and wife, are the respective owners of improved lots Nos. 40, 41 and 39 in the Pitt Manor Plan. The remaining defendant is Joseph Indovina, the contractor. The above-mentioned properties of both plaintiffs and defendants are on a slope, the plaintiffs' lot being at the higher elevation with the defendants' properties adjacent at the rear of the plaintiffs' lot.

In their complaint the plaintiffs averred that during June, 1952, the property-owning defendants engaged Indovina, the contractor, to excavate, cut and remove a part of the hillside at the rear of their properties; that the contractor forthwith commenced the work but, without notice to the plaintiffs, excavated on their property instead of the defendants; and that the work was performed in such a careless and negligent manner as to cause the subsidence of the plaintiffs' land.

The defendants, Burney and wife, filed a responsive answer and also a complaint impleading Hack as an additional defendant. Their complaint alleged that in the Spring of 1949 while Hack was the owner of certain

lots in the Pitt Manor Plan, including the lot owned by the plaintiffs, he undertook to erect dwelling houses thereon; that, in constructing the foundations for these houses, including the house now owned by the plaintiffs, he made inadequate excavations and spread fill on the surface of his lots in such a manner as to cause it to crack, slip and slide from his lots onto the lots below including the properties owned by the defendants; and that these acts of the additional defendant caused or contributed to the subsidence of the plaintiffs' property and injured the Burneys' lot, as well, for which they claimed damages of the additional defendant. The Burneys averred that Hack is a resident of the State of Florida, but nowhere do they aver that he was the owner of any of the realty involved when the cause of action arose.

The defendants, Mantle and wife and Kunzman and wife, filed a joint answer and also a joint complaint summoning Hack as an additional defendant with supporting averments and claims for damages similar to those in the Burney complaint. The Mantle and Kunzman joint complaint likewise averred that the additional defendant was a resident of the State of Florida but also alleged that he was the owner of lot No. 50 when the cause of action arose, as well as at the time of the entry of the suit in 1954.

It is Hack's contention that he is not amenable to substituted service for the reason that he is a nonresident of the State of Pennsylvania, as the pleadings plainly disclose, and that he is not, nor was he at the time the alleged cause of action arose, the owner, tenant or user of the Pennsylvania real estate involved. Assuming for the moment the verity of the latter assertion of fact, although the Mantle and Kunzman complaint appear to controvert it, the appellant's contention is sound.

The Act of 1937, supra, which authorizes extra-territorial service of process on nonresident owners of Pennsylvania real estate, provides that "any nonresident of this Commonwealth being the owner, tenant, or user, of real estate located within the Commonwealth . . . or any such resident of this Commonwealth who shall subsequently become a nonresident, shall, by the ownership, possession, occupancy, control, maintenance, and use, of such real estate, footways, and curbs, make and constitute the Secretary of the Commonwealth . . . his, her, its, or their agent for the service of process in any civil action or proceedings instituted in the courts of the Commonwealth . . . against such owner, tenant, or user of such real estate . . . arising out of or by reason of any accident or injury occurring within the Commonwealth in which such real estate . . . [is] involved." The provisions of the Act of 1937 which prescribe procedure inconsistent with Rules 2076-2082 were suspended by Rule 2100 of the Rules of Civil Procedure. But, the above-quoted portions of the Act remain operative.

Nor is there any need to resort to rules of construction or indulge in refined reasoning to ascertain the legislative intent in the Act of 1937. The words employed therein are plain, and the construction is uncomplicated. What the Act says and, consequently, was intended to mean is that a nonresident of Pennsylvania, who *is* the owner, tenant or user of realty in this State, may be summoned, by substituted service, to appear in any civil action instituted in the courts of the Commonwealth against him arising out of or by reason of any accident or injury in which such real estate is involved. By the unmistakable terms of the Act, it is the nonresident's ownership, possession, occupancy, control, maintenance and use of the Pennsylvania real estate involved in the accident or injury in suit that

serves to make and constitute the Secretary of the Commonwealth the nonresident owner's agent for the service of process.

That brings us, then, to a consideration of whether Hack was the owner, tenant or user of any part of the realty involved at the time the cause of action pleaded by the plaintiffs arose. A cause of action for negligence arises when it inflicts a damaging injury: *Mike v. Lian*, 322 Pa. 353, 356, 185 A. 775.

The plaintiffs' complaint pleaded a cause of action that arose subsequent to June, 1952, as a result of Indovina's alleged negligent excavating work done for the other defendants. The latter, in their complaints joining Hack as an additional defendant, averred negligent excavating, filling and grading by Hack in 1949 on certain lots then owned by him as at least a contributing cause of the injury complained of by the plaintiffs. While, as already noted, the Mantle and Kunzman joint complaint avers in substance that Hack was the owner of lot No. 50 in 1949 as well as at the institution of the suit in 1954, that averment has been abandoned by the defendants, thus leaving Hack a nonresident of Pennsylvania without any ownership, possession, occupancy, control, maintenance or use of the Pennsylvania realty alleged by the defendants to have contributed to the infliction of the plaintiffs' damages. The record in this court for review admits of no other finding.

The appellant's history of the case states that "John Hack was not a resident of the State of Pennsylvania, nor an owner or user of the land involved in 1952, when the injury complained of occurred." That statement is not only not challenged by the defendant appellees in their counter-history, as it should have been if incorrect (see Supreme Court Rule 32), but it is actually confirmed by the appellees' counter-history where-

in they state that "Though the appellant [Hack] was a resident of Pennsylvania at the time he developed the plaintiffs' lot, by the time the plaintiffs' lot actually subsided and the present litigation arose, the appellant had liquidated his Pennsylvania holdings and moved to Florida." Beyond that, in the appellant's statement of questions involved (which now define the scope of our review as assignments of error formerly did), he poses as the basic question—"Can a non-resident be served under the Non-Resident Property Owners Act where he was not the owner or user of the land involved when the cause of action arose?" And, again, the defendant appellees in their counter-statement of the questions involved confirm that Hack had sold his holdings in Pennsylvania and had left the State before his alleged negligent acts in respect of the Pennsylvania real estate, formerly owned by him, had actually resulted in damage to anyone.

It follows, therefore, that the additional defendant is not amenable to extra-territorial service of Pennsylvania's process on the defendants' complaints in the instant action. Accordingly, it becomes unnecessary to consider the appellant's other contentions concerning the manner in which service was effected.

The order of the court below dismissing the additional defendant's preliminary objections is reversed with direction that the service of summons on the additional defendant be quashed.

Mr. Chief Justice HORACE STERN dissents.