**James MELO**

v.

**John BAILEY and Gladys Ackroyd, individually and as Executors of the Estate of Jane Emma Bailey, deceased.**

**Civ. A. No. 28227.**

United States District Court
E. D. Pennsylvania.
July 26, 1961.

96

See also 191 F.Supp. 11.

Elias Magil, Philadelphia, Pa., for plaintiff.

Krusen, Evans & Byrne, by T. E. Byrne, Jr., Philadelphia, Pa., for defendants.

WOOD, District Judge.

The issue here is whether or not a nonresident of Pennsylvania, in an in personam proceeding, can be subject to the jurisdiction of the United States District Court in the Eastern District of Pennsylvania, when the defendants were engaged in building operations on real estate in Pennsylvania at the time of the alleged tort.

The Act of July 2, 1937, P.L. 2747, Section 1, 12 P.S. § 331, provides as follows:

"From and after the passage of this act, any nonresident of this Commonwealth being the owner, tenant, or user, of real estate located within the Commonwealth of Pennsylvania, and the footways and curbs adjacent thereto, or any such resident of this Commonwealth who shall subsequently become a nonresident, shall, by the ownership, possession, occupancy, control, maintenance, and use, of such real estate, footways, and curbs, make and constitute the Secretary of the Commonwealth of Pennsylvania his, her, its, or their agent for the service of process in any civil action or proceedings instituted in the courts of the Commonwealth of Pennsylvania against such owner, tenant, or user of such real estate, footways, and curbs, arising out of or by reason of any accident or injury occurring within the Commonwealth in which such real estate, footways, and curbs are involved."

The lower courts of Pennsylvania have held that a mortgagee in possession comes within the terms of the Act (Dubin v. City of Philadelphia, 34 Pa.Dist. & Co.R. 61), and that a person engaged as a builder and excavating contractor also is a "user" as defined by the Act (Chong v. Faull, 1954, 88 Pa.Dist. & Co.R. 557).

Our problem however is that on the scant record before us, we are unable to determine how much "ownership, possession, occupancy, control, maintenance, and use" the defendants exercised over the real estate in question, and whether or not the defendants' activities on the premises did create "use" within the meaning of the Act.

We therefore merely hold that there is sufficient evidence here in our opinion to raise a presumption that defendants were users of the real estate and that the ultimate issue can be determined at the trial when all of the evidence surrounding the acts and authority over the real estate are developed. In other words, we think that at that time the trial judge will be in a better position to dispose of this question on the facts before him than we can do at this time. Therefore, the following order will be entered:

Order

And now, to wit, this 26th day of July, 1961, defendants' motion to vacate and to set aside service of process is denied, without prejudice.