**Peter Edward SACCOCCIA, a minor by his parent and natural guardian, Peter Saccoccia, and Peter Saccoccia and Nella Saccoccia, in their own right, Plaintiffs,**

v.

**T. H. STOUGH, t/d/b/a T. H. Stough Company of Jeannette, Pennsylvania, Defendant and Third Party Plaintiff**

v.

**MARYLAND GLASS CORPORATION, Third Party Defendant.**

**Civ. A. No. 60–430.**

United States District Court
W. D. Pennsylvania.

Sept. 28, 1961.

McArdle, Harrington & McLaughlin, Pittsburgh, Pa., for plaintiffs.

Brandt, Riester, Brandt & Malone, Preston J. McDonnell, Pittsburgh, Pa., for defendant and third-party plaintiff.

William A. Challener, Pittsburgh, Pa., for third-party defendant.

McILVAINE, District Judge.

In this case the plaintiff has brought suit against T. H. Stough, trading and doing business as T. H. Stough Company of Jeannette, Pennsylvania. It appears that the minor plaintiff while in Hartford, Connecticut, on August 3, 1959, was injured while in the vicinity of a smaller boy who was playing with a glass toy

that broke, and a piece of the toy injured the plaintiff's eye.

Plaintiff alleges that the defendant was negligent in assembling, distributing, and selling this toy which it knew or should have known would result in injury to children using the toy, or small children in the vicinity.

The defendant has made the Maryland Glass Corporation a third party defendant, alleging that the glass container was manufactured by Maryland and sold by it to the original defendant for the use intended.

Maryland Glass Corporation is not registered to do business in Pennsylvania. Service was accomplished by serving the Secretary of Commonwealth, and a copy upon Maryland at its office in Baltimore, Maryland. This was pursuant to Rule 4(d) (7) of the Federal Rules of Civil Procedure, and 15 P.S. § 2852–1011.

The third party defendant has now filed a motion to dismiss, alleging that it is not registered to do business in Pennsylvania, that it is not doing business in Pennsylvania, and that the cause of action in issue did not arise out of any act or omission of the third party defendant in Pennsylvania.

There is no question that this third party defendant is not registered to do business in Pennsylvania. But the question is is it doing business in Pennsylvania? It admits that there has been a continuous solicitation of business in Pennsylvania.

The action here was commenced in 1960, although the accident occurred in 1959. The Business Corporation Law in Pennsylvania was amended by the Act of November 10, 1959, P.L. 1406 § 1; 15 P.S. § 2852–1011(C) (Supp.). The effect of this was to return the Pennsylvania law to the so-called "pecuniary benefit" doctrine as distinguished from the "solicitation plus" doctrine. This distinction was clearly pointed out by the able opinion of our brother in this court, The Honorable Rabe F. Marsh, in Jenkins v. Dell Publishing Company, D.C., 130 F.Supp. 104.

It is the law that was in effect at the time suit was filed, and not at the time of the accident that must control as to this procedural matter. Swavely v. Vandegrift, 1960, 19 Pa.Dist. & Co.R. 2d 153.

Was there a pecuniary benefit to Maryland? If there was, it is "doing business" within this Commonwealth. We think that there is a sufficient showing of their continuous and systematic solicitation for the promotion and sales of its products to constitute the doing of business within this Commonwealth.

However, this does not end our problem, for not only must the non-registered foreign corporation be doing business within the Commonwealth, but the service is justified only in a situation in which the cause of action arose out of acts or omissions within this Commonwealth. See 15 P.S. § 2852–1011(B). This is the fundamental and crucial issue in the case. There is no question but that the accident and the injury took place in Connecticut.

Since this case has been argued, an opinion of the Supreme Court of Pennsylvania has been published which deals with the very subject before this Court. It may be found in the case of Rufo v. Bastian-Blessing Co., 1961, 405 Pa. 12, 173 A.2d 123. In that case, the Court pronounced the law of Pennsylvania, the law which we are bound to follow.

"There can be no doubt that the legislature, by its enactment of Section 1011, subd. B and 1011, subd. C, intended to extend and enlarge the amenability to suit of a foreign corporation carrying on activities within the Commonwealth and to abolish the 'solicitation plus' doctrine previously enunciated by this Court in Shambe v. Delaware & Hudson R. R. Co., 288 Pa. 240, 135 A. 755; Lutz v. Foster & Kester Co., Inc., 367 Pa. 125, 79 A.2d 222. Cf. Swavely v. Vandegrift, supra. It, however, by no means follows that the legislature intended to make foreign corporations suable without limitation. The very language of section 1011, subd. B contra indicates such intent.

"Due process does not require that the cause of action against a foreign corporation must arise out of the corporation's activities in the state where the action is brought. Perkins v. Benguet Consolidated Mining Co., 342 U.S. 437, 446–447 [72 S.Ct. 413, 96 L.Ed. 485]. It is clear that the Pennsylvania legislature did not choose to exercise the full extent of jurisdiction conferred upon it and did not make foreign corporations suable as extensively as it could constitutionally have done. Through the medium of section 1011, subd. B, the legislature has validated service upon a non-registered foreign corporation by service upon the Secretary of the Commonwealth only in a restricted area, i. e. where the action arose out of acts or omissions of the corporation within the Commonwealth *and* where a corporation has 'done business' in Pennsylvania within the meaning of Section 1011, subd. C.

"Under the language of Section 1011, subd. B, the commission of 'acts' or 'omissions' on the part of the foreign corporation is a jurisdictional sine qua non. Only by a distortion of the language employed by the legislature can 'acts or omissions' on the part of the foreign corporation be equated with 'where the injury arose' or 'where the right or cause of action arose'. It is a legislative, not judicial, function to extend or enlarge jurisdiction over foreign corporations and the legislature has seen fit to enlarge such jurisdiction subject, inter alia, to the limitation that the action must arise out of 'acts or omissions' of such foreign corporation within Pennsylvania. Such legislatively prescribed limitation is binding upon us." Rufo v. Bastian-Blessing Co., 1961, 405 Pa. 12, 21, 173 A.2d 123, 128.

The Supreme Court in the Rufo case rejected the interpretation of Pennsylvania law as announced by the court of appeals in Florio v. Powder Power Tool Company, 3 Cir., 248 F.2d 367. The test is whether the defendant committed any act or omission with Pennsylvania. It is obvious that the Maryland Glass Corporation manufactured the glass in question in Maryland; and any negligence, if there were any, had to occur in Maryland. In view of the decision of the Pennsylvania Supreme Court in the Rufo case, supra, this Court does not have jurisdiction over Maryland Glass Corporation, and the third party complaint filed by T. H. Stough, trading and doing business as T. H. Stough Company of Jeannette, Pennsylvania, must be dismissed.