Alvin GEARHART and Ruth Gearhart, his wife, Plaintiffs,

v.

Peter G. PULAKOS and Carolyn P. Pulakos, his wife, and Peter Pulakos, Inc., a Pennsylvania corporation, Defendants.

Civ. A. No. 858.

United States District Court
W. D. Pennsylvania.

May 29, 1962.

370

Knox, Weber, Pearson & McLaughlin, Erie, Pa., for plaintiffs Alvin Gearhart and Ruth Gearhart.

Gifford, Graham, MacDonald & Illig, Erie, Pa., for defendants Peter G. Pulakos and Carolyn P. Pulakos.

WILLSON, District Judge.

In this diversity action the individual defendants have filed a motion under Rule 12(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. to quash the service of process on the ground that the court has no jurisdiction over the person of the defendants, and that the service of process is insufficient.

Plaintiffs are citizens of and reside in the City of Erie, Pennsylvania. The individual defendants Peter G. Pulakos and Carolyn P. Pulakos, his wife, are citizens of and reside in Albuquerque, New Mexico.

This civil action arises out of an accident on December 28, 1960 in which plaintiff Ruth Gearhart suffered a fall on the sidewalk abutting the premises at the northwest corner of 11th and Liberty Streets in the City of Erie which premises on that date were owned by the individual defendants Peter G. Pulakos and Carolyn P. Pulakos. On that date the premises were leased by written lease to Peter Pulakos, Inc., the corporate defendant. On February 23, 1961, the premises were sold to the Salvation Army. The actual time when the individual defendants became residents of New Mexico is in dispute. Plaintiffs claim that the defendants were New Mexico residents in December of 1960 when the cause of action arose; defendants indicate that they became New Mexico residents several months after the accident but before suit was brought. This dispute does not enter into the picture in determining whether this motion should be granted or denied since the crucial facts surrounding ownership of the property involved are not in dispute.

This action was subsequently commenced by the filing of a complaint on March 13, 1962, and service on the individual defendants Peter G. Pulakos and Carolyn P. Pulakos was made by the United States Marshal on March 15, 1962 by sending a copy of the summons

and complaint by certified mail to the Secretary of the Commonwealth of Pennsylvania with a copy also being sent by certified mail to the two defendants at their Albuquerque, New Mexico address. At the time of this service the individual defendants were not residents of or domiciled in the Commonwealth of Pennsylvania nor did they own the real estate at 11th and Liberty Streets in the City of Erie, having, as indicated, sold it to the Salvation Army. The service as attempted by the plaintiffs was pursuant to the provisions of the Non-Resident Property Owners Act of Pennsylvania, 12 P.S. § 331, which provides as follows:

> "331. Actions against non-residents which involve real estate
>
> From and after the passage of this act, any non-resident of this Commonwealth being the owner, tenant, or user, of real estate located within the Commonwealth of Pennsylvania, and the footways and curbs adjacent thereto, or any such resident of this Commonwealth who shall subsequently become a nonresident, shall, by the ownership, possession, occupancy, control, maintenance, and use, of such real estate, footways, and curbs, make and constitute the Secretary of the Commonwealth of Pennsylvania his, her, its, or their agent for the service of process in any civil action or proceedings instituted in the Courts of the Commonwealth of Pennsylvania against such owner, tenant, or user of such real estate, footways, and curbs, arising out of or by reason of any accident or injury occurring within the Commonwealth in which such real estate, footways, and curbs are involved. 1937, July 2, P.L. 2747, § 1."

Counsel for the defendants urge that the statute can only be interpreted as permitting substituted service of process upon a non-resident when the non-resident is the owner of the real property at the time the service is attempted. Counsel asserts that the statute speaks in the present tense in that it says " * * any nonresident of this Commonwealth being the owner * * * shall, by the ownership * * * make and constitute the Secretary of the Commonwealth of Pennsylvania his * * * agent for the service of process * * *." Plaintiffs' counsel urges that the contrary view should prevail, that is, that a non-resident owner of real property upon which an accident occurs giving rise to a cause of action is subject to service of process under the Pennsylvania statute regardless of whether he still owns the property at the time the service of process is made. There appears to be no authoritative appellate decision of the Pennsylvania Courts squarely in point. However, the Supreme Court of Pennsylvania, Murphy v. Indovina, 384 Pa. 26, 119 A.2d 258, (1956), reviewed the statute in the following language:

> "Nor is there any need to resort to rules of construction or indulge in refined reasoning to ascertain the legislative intent in the Act of 1937. The words employed therein are plain, and the contruction is uncomplicated. What the Act says and, consequently, was intended to mean is that a nonresident of Pennsylvania, who is the owner, tenant or user of realty in this State, may be summoned, by substituted service, to appear in any civil action instituted in the courts of the Commonwealth against him arising out of or by reason of any accident or injury in which such real estate is involved. By the unmistakable terms of the Act, it is the nonresident's ownership, possession, occupancy, control, maintenance and use of the Pennsylvania real estate involved in the accident or injury in suit that serves to make and constitute the Secretary of the Commonwealth the nonresident owner's agent for the service of process."

The exact factual situation presented in the instant case was not before the court in the cited case. However, the decision turned on whether the defendant

was the owner, tenant or user of any part of the realty involved at the time the cause of action pleaded by the plaintiff arose. The decision of the court was based upon the allegations contained in the pleadings. From the pleadings the court held that the defendant did not own the property at the time the cause of action arose. Therefore, the court ruled that there was no authority to serve him under the statute, he at the time being a non-resident.

In the instant case counsel for each of the parties cite the foregoing decision in support of their contention. It seems to this court, however, that the decision favors plaintiffs' position. In Murphy v. Indovina, a large portion of the opinion is devoted to a discussion of whether defendant Hack owned the real property at the time the cause of action arose. There was no issue raised nor was it controverted but that Hack did not own the property at the time service was attempted. It seems but reasonable then to conclude that if the decision is to be interpreted as favoring the defendants' position in the instant case, all the discussion in the opinion concerning the ownership of the property at the time the cause of action arose would have been useless and unnecessary. The decision might have turned on the lack of ownership in Hack when the suit was filed, but the court chose to put it on the other ground. It seems to this court, therefore, that the decision compels the conclusion that the statute is to be interpreted as contended by plaintiffs.

It is to be observed that the instant case is here under the diversity jurisdiction of this court. Service of process is permitted under the circumstances outlined in Rule 4 of the Federal Rules of Civil Procedure. Rule 4(d) (7) permits service upon defendants by the United States Marshal in the manner authorized by state law. This method was followed by plaintiff by invoking the service of process permitted in the non-resident property owner's statute. An important question for this court is to determine not only the meaning of the statute, that is, as to whether the type of service invoked here is permitted under state law, but also to determine whether such service comports with Federal due process.

■ It is to be observed at the outset that the cause of action alleged in the complaint is in trespass for negligence and that at common law such an action is in personam and transitory. Until the last few years there was no authority whatsoever for the type of service made in this case. The trend of the present times, however, is graphically illustrated in the opinion of the Supreme Court of the United States, International Shoe Co. v. Washington, etc., 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945), where the court states:

> "Historically the jurisdiction of courts to render judgment in personam is grounded on their de facto power over the defendant's person. Hence this presence within the territorial jurisdiction of a court was prerequisite to its rendition of a judgment personally binding him. Pennoyer v. Neff, [5 Otto 714] 95 U. S. 714, 733 [24 L.Ed. 565]. But now that the capias ad respondendum has given way to personal service of summons or other form of notice, due process requires only that in order to subject a defendant to a judgment in personam, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" (citing cases)

■ A comparison of the statute involved in the instant case with the Pennsylvania non-resident motorists act shows no difference in substance. The non-resident motorist coming into Pennsylvania by the use of its highways authorizes service of process upon the Secretary. In the event of a cause of action arising because of the operation of his car, that agency is not terminated by his leaving the state nor since the amendment of

1956, even by his death. It would seem that logic requires, in view of the statute, that a non-resident owner of real property situate in Pennsylvania authorizes the Secretary to accept process on his behalf for a cause of action "arising out of or by reason of any accident or injury occurring within the Commonwealth in which such real estate, footways, and curbs are involved", regardless of the sale of the property after the cause of action arose. As in the non-resident motorist's act, the statute involved here applies not only to a person who is a non-resident in the first instance but a resident who subsequently leaves the state. The two statutes seek to accomplish the same purpose. That purpose is to permit service upon a non-resident on a cause of action arising by reason of activities within the state.

In 1927 in Hess v. Pawloski, 274 U.S. 352, 47 S.Ct. 632, 71 L.Ed. 1091, the Supreme Court of the United States affirmed the principle "that the use of the highway by the non-resident is the equivalent of the appointment of the registrar as agent on whom process may be served." Under modern conditions of communication, transportation and interstate business, the Congress and the Legislatures have enacted statutes permitting substituted service when activities in the forum state give rise to a cause of action in that state. Rufo v. Bastian-Blessing Company, 405 Pa. 12, 173 A.2d 123, (1961), is an illustration of a typical statute and its interpretation by the Supreme Court of Pennsylvania. Judge McIlvaine's decision in Saccoccia v. Stough, 198 F.Supp. 169 (W.D.Pa., 1961), presents another view of this problem. In my own decision, Fannin v. Chesapeake & Ohio Railway Company, (D.C., 1962) 204 F.Supp. 154, several of the decisions are cited in the general discussion of circumstances in which substituted service upon a non-resident of a state is permitted. Counsel for plaintiff cites the Eastern District decision of Judge Wood, Melo v. Bailey, 196 F.Supp. 95, (D.C., 1961). That decision is not decisive on any of the problems in the instant case but it is significant that Judge Wood is concerned with the "use" of the property as distinguished from ownership. It is to be noticed that it is by the "use" of a highway which authorizes service under the non-resident motorist's act. In my view, the ownership of property in Pennsylvania at the time an accident occurs upon it, which is the basis of a cause of action, permits service of process in the Federal Courts by the United States Marshal under the provisions of the cited statute.

Statutes in other states having a generally similar purpose are discussed in a number of Federal Court decisions. Compare McGee v. International Life Ins. Co., 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223, 1957; Frase v. Columbia Transportation Company, 158 F.Supp. 858 (N.D.Ill.E.D.1957); Teague v. Damascus, 183 F.Supp. 446 (E.D.Washington, N.D., 1960); Davis v. St. Paul-Mercury Indemnity Company, 294 F.2d 641 (4 Cir. 1961).

See also the discussion of Rule 4(d) (7), Vol. 2, Moore's Federal Practice.

This court concludes that the statute permits the service as made in the instant case and that the statute permitting it and the type of service made is in compliance with the requirements of Federal due process.

ORDER

AND NOW, this 29th day of May, 1962, for the reasons mentioned in the foregoing opinion, the motion of defendants as filed under Rule 12(b) to quash the service and for other relief is denied.

AND FURTHER, the Marshal's return of service shows that as to the other defendant, Peter Pulakos, Inc., a Pennsylvania corporation, no service was made as that defendant was not found. In any event, from the complaint there is no jurisdiction because of the lack of diversity of citizenship between the plaintiff and the corporate defendant, which defendant is herewith dismissed of record for that reason.