Hamilton Equipment, Inc. *v.* Onamia Corporation, Appellant.

Argued June 4, 1963. Before BELL, C. J., MUS-MANNO, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Harris C. Arnold, Jr.,* for appellant.

*John L. Hamaker,* with him *Robert Ruppin,* for appellee.

OPINION BY MR. JUSTICE COHEN, July 2, 1963:

This is an appeal from the order of the court below sustaining service of complaint upon appellant, Onamia Corporation, by means of substituted service upon the Secretary of the Commonwealth.[1]

Appellee, Hamilton Equipment, Inc., instituted foreign attachment proceedings in assumpsit against appellant, a foreign corporation not registered to do business in Pennsylvania, and, in accordance therewith, the sheriff attached an airplane belonging to appellant. Pursuant to the attachment, two copies of the complaint were served upon the garnishee, Lancaster Airport Authority, and a copy also served upon the pilot

---

[1] This appeal is taken under the provisions of the Act of March 5, 1925, P. L. 23, §1, 12 P.S. §672, which permit appeals from interlocutory orders involving questions of jurisdiction over the person. See *Gilbert v. Lebanon Valley Street Railway,* 300 Pa. 384, 150 Atl. 638 (1930).

of the airplane. See Pa. R.C.P. 1265.[2] At this stage of the proceedings, therefore, appellee had done everything possible to perfect *quasi-in-rem* jurisdiction under the Rules of Civil Procedure.

Thereafter, appellee, under the mistaken impression that it was necessary to serve the complaint attendant to foreign attachment personally on appellant, filed an ex parte petition requesting leave to serve the complaint by means of substituted service. Its petition alleged, inter alia, that appellant is a foreign corporation not registered to do business in Pennsylvania; that service of the complaint cannot be made under any of the methods set forth in subdivision (a) or (b) of Pa. R.C.P. 2180; and that petitioner was informed and believes that the pilot on whom the writ of attachment was served was an executive officer of appellant. Petitioner therefore requested the court to order the sheriff to make service of the complaint by registered mail upon the Secretary of the Commonwealth, and to serve appellant at its principal place of business in Minneapolis, Minnesota. The petition, however, did not contain any allegation that appellant was doing business in Pennsylvania. The lower court granted the petition and service was made upon the Secretary.

Appellant then appeared specially to contest the in personam jurisdiction which service on the Secretary apparently conferred. Appellant's preliminary objections averred that appellee did not allege appellant was doing business in Pennsylvania or allege any other basis upon which personal jurisdiction over appellant could be founded. Accordingly, appellant requested the court below to withdraw the order permitting substituted service, and to strike the complaint and sheriff's service on the Secretary.

---

[2] Under section (b) of this Rule, it is necessary to serve two copies of the complaint on the garnishee where the defendant has not been served, appeared or filed a bond.

In dismissing appellant's preliminary objections, the lower court was under the mistaken impression that appellant was contesting the quasi in rem jurisdiction conferred by the writ of attachment. The court below treated appellee's petition for substituted service of the complaint as if the complaint was the same complaint required by Pa. R.C.P. 1265 dealing with foreign attachment. It failed to distinguish between the service of the complaint used to *commence proceedings* and acquire in personam jurisdiction under §1011 of the Business Corporation Law (original process), and the complaint used to *plead* in proceedings already commenced by a praecipe for a writ of foreign attachment under Pa. R.C.P. 1265. (secondary process). Appellant did not contest the quasi in rem jurisdiction over its airplane in the court below nor does appellant question it before us. What appellant is concerned about is the state of the present record. Even though the opinion of the court below dealt with service of the complaint in foreign attachment, the record as it now stands shows the grant of substituted service upon the Secretary (original process giving in personam jurisdiction) and the dismissal of appellant's preliminary objections by the court below. Thus, there is the possibility that in a suit in another jurisdiction to enforce any judgment which may be obtained by appellee, the record will disclose that appellee has a personal judgment not limited to its interest in the airplane. We cannot permit this state of the record to stand.

Appellee's petition for substituted service was defective because section 1011B of the Business Corporation Law requires that a petition for substituted service upon an unregistered foreign corporation must allege that the corporation was conducting business within Pennsylvania. Act of May 5, 1933, P. L. 364, §1011, as amended, 15 P.S. §2852-1011. Since the petition failed to allege this vital element, the court below

erred in dismissing appellant's preliminary objections. Furthermore, the failure to allege that an unregistered foreign corporation was doing business in Pennsylvania, or has some contact within Pennsylvania, presents a serious constitutional problem since petitioner must satisfy the "minimum contacts" doctrine set forth in *McGee v. International Life Insurance Company*, 355 U. S. 220 (1957) before it can obtain personal jurisdiction over a nonregistered foreign corporation.[3]

Appellee seeks to sustain the decision of the court below by arguing that appellant's preliminary objections constituted a pleading because they averred questions of fact, i.e., that appellee has not done business in Pennsylvania, which were not self-sustaining. Accordingly, appellee argues that if the preliminary objections are treated as a pleading, they are defective since there was no filing of a notice to plead under Pa. R.C.P. 1026 or filing of a verification of new averments of fact not of record under Pa. R.C.P. 1024. See Goodrich-Amram §1028(c)-2. We do not agree with this contention. In paragraph 4 of appellant's preliminary objections, appellant states that: "Plaintiff did not allege that defendant was doing business in Pennsylvania nor did it allege any other basis upon which jurisdiction over defendant could be predicated." This statement is not an averment of fact; it merely questions the failure of appellee's petition to satisfy the statutory requirement prescribed by section 1011 of the Business Corporation Law. Since appellant's preliminary objections are not converted into a pleading by reason of averments of fact not appearing

---

[3] Although we are not called upon to determine whether a petition for substituted service is defective where it does not allege that the action arose out of "acts or omissions" within Pennsylvania (*Rufo v. The Bastian-Blessing Company*, 405 Pa. 12, 173 A. 2d 123 (1961)), we nevertheless feel that good pleading practice requires such an allegation.

of record, there was no necessity to file a verification under Pa. R.C.P. 1024 nor a notice to plead under Pa. R.C.P. 1026.

Appellee also places emphasis upon the allegation in its petition for substituted service which stated that the writ of attachment was served upon an executive officer of appellant corporation. Since the only issue before the lower court and before us is whether appellee's petition for substituted service was defective, we do not pass upon the issue of whether service of the complaint upon the pilot would convert the attachment proceedings into an in personam action under Pa. R.C.P. 1269(b).[4] This question must be determined in another action, at which time appellee must establish, inter alia, that proper venue and service were obtained. See Goodrich-Amram §2180-18&(a)-9.

We therefore reverse the order of the court below and strike the substituted service and complaint incidental thereto.

---

[4] See Goodrich-Amram §1269-1 for a history detailing the change from the prior practice.