## Sample v. Econo-car International, Inc.

*David R. Eaby* and *Eaby & Eaby*, for plaintiff.

*Paul A. Mueller, Jr.*, and *Barley, Snyder, Cooper & Mueller*, for defendant.

JOHNSTONE, J., March 26, 1964. — Plaintiff instituted this action in assumpsit by filing his complaint on July 5, 1963. The sheriff served the complaint on defendant, a foreign corporation, by forwarding copies of the complaint by registered mail to defendant at its address in New Jersey and to the Secretary of the Commonwealth. On August 8, 1963, defendant filed preliminary objections in the form of a petition raising the question of jurisdiction.

The petition avers that defendant conducts no business within the Commonwealth of Pennsylvania, and has no office nor place of business here, and that the written contract which forms the basis for the action was executed in New Jersey, and by its provisions was to be construed and interpreted according to the laws of New Jersey. The petition further avers that the cause of action did not arise in Lancaster County, and no transaction or occurrence took place in Lancaster County which would authorize personal service against defendant under Pennsylvania Rule of Civil Procedure 2179. The petition also avers that the service was defective in that it did not comply with Pa. R. C. P. 2180. The preliminary objections were verified and were endorsed with notice to plead.

On September 13, 1963, plaintiff served written interrogatories on defendant, and the interrogatories were answered by defendant on October 11, 1963. The complaint was reinstated on December 4, 1963, and on the same day plaintiff filed his petition for leave to make substituted service upon defendant by authoriz-

ing the sheriff to serve a copy of the complaint on the Secretary of the Commonwealth by registered mail. Substituted service was authorized by this court, and said service was made by the sheriff by forwarding copies of the complaint to the Secretary of the Commonwealth and to defendant at its place of business in New Jersey.

Defendant at the argument of the preliminary objections before the court en banc urged that its preliminary objections be sustained and plaintiff's complaint dismissed in view of the fact that no answer was filed by plaintiff. The failure of plaintiff to file an answer to the verified preliminary objections endorsed with notice to plead means that any facts averred in the preliminary objections must be accepted as true. However, plaintiff propounded written interrogatories to defendant which defendant answered. In disposing of the preliminary objections we will not only consider the unanswered facts averred in the complaint and the preliminary objections, but will also consider the facts contained in defendant's answer to the interrogatories.

The original service of the complaint was faulty since plaintiff failed to comply with section 1011B of the Business Corporation Law of May 5, 1933, P. L. 364, as amended, 15 PS § 2852-1011B: Hamilton Equipment, Inc. v. Onamia Corporation, 411 Pa. 525. This error was corrected by having the complaint reinstated and obtaining the consent of this court to make service of the complaint upon the Secretary of the Commonwealth. It was not necessary for plaintiff to wait until the court had determined the preliminary objections before reinstating his complaint: Webb v. Link, 82 D. & C. 326.

From the record before us, the following facts must be accepted as true. Defendant is a New Jersey corporation with its office and principal place of business at 520 Westfield Avenue, Elizabeth, N. J., and it has

no office or place of business in Pennsylvania. Plaintiff, a resident of Lancaster County, Pa., and defendant entered into a written contract on August 15, 1962, whereby defendant granted to plaintiff the exclusive franchise in urban Lancaster to rent and lease motor vehicles to the public under the "Econo-Car Rental System." Under the terms of the agreement, defendant agreed to furnish assistance, guidance and "know-how" to plaintiff in establishing, operating and promoting the motor vehicle leasing business with respect to the selection of a place of business, the purchasing and financing of new cars, the institution of office management systems and business procedures, the obtaining of insurance at fleet rates and sales promotion assistance.

The consideration for the franchise plus the agreed assistance was $4,000. Under the agreement plaintiff was to maintain a minimum number of vehicles beginning the first year with 10 and increasing each year for five years to a minimum of 40 and was obligated to pay to defendant a monthly royalty of $12 per vehicle. Defendant reserved the right to determine the standards of services to be provided by plaintiff, to inspect plaintiff's books and records, to establish rules for operating the business, to fix the rental rates to be charged by plaintiff, and to terminate the franchise upon 30 days written notice in the event of default in any of the conditions of the agreement. It was further provided that the agreement shall be construed and interpreted in accordance with the laws of New Jersey.

The basis for plaintiff's action is the allegation, which for present purposes we accept as true, that defendant has failed and refused to furnish the assistance, guidance, and "know-how" promised in the franchise agreement. While defendant denies doing any business in Pennsylvania, it admits to having entered into similar agreements with other persons in Penn-

sylvania and to having solicited franchise agreements with other persons both within and without Pennsylvania. Defendant admits to only those controls over the management and supervision of the franchise which are contained in the agreement. Defendant denies any financial interest in the franchise but admits that under the agreement it is to receive a monthly royalty for each vehicle maintained by plaintiff in the business.

Two questions are raised by the preliminary objections: (1) Was defendant "doing business" in Pennsylvania and (2) did this action arise out of "acts or omissions" of defendant in Pennsylvania? Concerning the first question, section 1011C of the Business Corporation Law provides, "For the purposes of this section, the entry of any corporation into this Commonwealth for the doing of a series of similar acts for the purpose of thereby realizing pecuniary benefit or otherwise accomplishing an object, or doing a single act in this Commonwealth for such purpose, with the intention of thereby initiating a series of such acts, shall constitute 'doing business.' " In Rufo v. The Bastian-Blessing Co., 405 Pa. 12, 21, it was stated that the legislature, by its enactment of sections 1011B and 1011C, intended to extend and enlarge the amenability to suit of a foreign corporation carrying on activities within the Commonwealth and to abolish the "solicitation plus" doctrine previously enunciated in such cases as Swavely v. Vandegrift, 397 Pa. 281.

Under the circumstances before us, defendant has solicited and entered into other franchise agreements in Pennsylvania in addition to the one entered into with the plaintiff. While defendant may not have any financial interest in plaintiff's business in the sense that it does not or did not contemplate investing its capital in the business, it does expect a pecuniary benefit under the franchise since it is to receive a monthly royalty on each vehicle maintained by plaintiff in the rental

business to be operated under the franchise agreement. It is our understanding, and we so hold that under section 1011C as construed in the Rufo case, supra, defendant was "doing business' within Pennsylvania.

In determining whether this action arose out of "acts or omissions" of the defendant within Pennsylvania, the question is not where the injury occurred or where the cause of action arose, but where did defendant's acts or omissions take place? According to the allegations contained in the complaint, plaintiff's cause of action is based on the failure of defendant to furnish the assistance, guidance and "know-how" which was promised in the franchise agreement. The failure or omission on the part of defendant must of necessity have occurred in Lancaster County since at least a part of the promised aid could not have been performed anywhere else but in Lancaster County. For instance, defendant could not have aided plaintiff in the selection of a place to do business without performing the service here in Lancaster County where the business was to be conducted. It would also be difficult, perhaps even impossible, to set up an office management system and establish business procedures without doing so here in Lancaster County. The franchise agreement also contemplated the inspection of plaintiff's place of business and its books and records. This could not be done without an agent or representative of defendant being personally present in Lancaster County. We, therefore, conclude that the omission on the part of defendant, which is the basis of the present action, occurred here in Lancaster County, and that the service of the complaint on defendant was proper.

And now, March 26, 1964, the preliminary objections of defendant in the form of a petition raising the question of jurisdiction are dismissed, and defendant is directed to file an answer within 20 days.