Frisch *v.* Alexson Equipment Corporation
(et al., Appellant).

Argued September 27, 1966. Before BELL, C.J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*John W. Wellman*, with him *Chadwick, Petriken, Smithers & Ginsburg*, for appellant.

*Donald M. McCurdy*, with him *Jacques H. Fox*, and *Fox and McCurdy*, for appellee.

OPINION BY MR. JUSTICE JONES, November 15, 1966:

W. C. Frisch (Frisch) instituted a trespass action in the Court of Common Pleas of Delaware County, on April 24, 1961, against five defendants, including Briggs & Stratton Corporation (Briggs), a Delaware corporation not registered to do business in Pennsylvania. This action was commenced by the issuance of a summons the personal service of which upon an alleged agent of Briggs at the agent's Philadelphia address failed.[1] In the meantime, Frisch attempted

---

[1] Upon the basis of a stipulation between counsel for Frisch and Briggs, the court below set aside this attempt at personal service.

to make a substituted service of his complaint upon Briggs, under the provisions of the Business Corporation Law of 1933,[2] by sending a copy of the complaint by registered mail to the Secretary of the Commonwealth and to Briggs at its office in Milwaukee, Wisconsin.

Briggs, by preliminary objections, challenged the validity of the substituted service upon two grounds: (a) that it had not "done any business" in Pennsylvania and (b) that Frisch's action did not arise "out of acts or omissions of" Briggs in Pennsylvania. Interrogatories, Briggs' answers thereto and Frisch's answer to Briggs' preliminary objections were duly filed. On the basis of the record before it—the complaint, the preliminary objections, the answers to interrogatories and the answers to the preliminary objections—the court below dismissed Briggs' preliminary objections "without prejudice to the rights of [Briggs] to raise the question of jurisdiction at trial." From that order Briggs has appealed.[3]

---

[2] Section 1011B of the Act of May 5, 1933, P. L. 364, as amended, 15 P.S. §2852-1011B.

[3] The form of this order does not preclude this appeal under the Act of March 5, 1925, P. L. 23, §1, 12 P.S. §672. This statute relates to the right of a plaintiff to have his cause of action *heard and determined* (*Strank v. Mercy Hospital of Johnstown*, 376 Pa. 305, 309, 102 A. 2d 170 (1954); *Wilcox v. Evans*, 190 Pa. Superior Ct. 166, 168, 153 A. 2d 817 (1959)). Where the jurisdiction of the court over the person is challenged, as in the case at bar, the statute provides a method for a determination of such jurisdiction at the appellate level before a trial of the cause on its merits. See: *Namie v. DiGirolamo*, 412 Pa. 589, 593, 195 A. 2d 517 (1963). Particularly is this important in the case of a non-registered foreign corporation; otherwise, a serious constitutional problem might be presented since any attempt to obtain in personam jurisdiction over such a corporation must satisfy the "minimum contacts" doctrine enunciated in *McGee v. International Life Insurance Co.*, 355 U.S. 220, 78 S. Ct. 199 (1957) and *International Shoe Co. v. Washington*, 326 U.S. 310, 66 S. Ct. 154 (1945) so that

The present action was commenced on April 24, 1961; it is the statutory law in effect at that time which governs this case.[4] See: *Kilian v. Allegheny County Distributors*, 409 Pa. 344, 350, 351, 185 A. 2d 517 (1962). Construing the statute in effect when this action was commenced, we said in *Rufo v. The Bastian-Blessing Co.*, 405 Pa. 12, 14, 173 A. 2d 123 (1961): "Section 1011B clearly sets forth two jurisdictional requirements which must be satisfied before a non-registered foreign corporation may be validly served with process through the Secretary of the Commonwealth: (1) the corporation must have 'done business' in the Commonwealth [as defined in §1, Act of November 10, 1959, P. L. 1406, 15 P.S. §2852-1011 (Pkt. Pt.)] and (2) the action must arise out of 'acts or omissions' of the corporation within the Commonwealth." Both parties and the court below are in full accord with this construction of §1011B; the divergence in their views lies in the application of §1011B to the factual situation herein presented.

Has Frisch, relying on substituted service to obtain *in personam* jurisdiction over Briggs, satisfied the dual requirements of §1011B permitting such substituted service by demonstrating that Briggs has "done any business" in Pennsylvania and that this trespass action arises "out of acts or omissions of [Briggs]" within Pennsylvania? Such is the purpose of our in-

"maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" See: *Hamilton Equipment, Inc. v. Onamia Corp.*, 411 Pa. 525, 529, 192 A. 2d 734 (1963).

[4] The importance of this is evident in this case. On August 13, 1963, the legislature amended §1011B and changed one of its two jurisdictional requirements by providing that substituted service on non-registered foreign corporations could be had "in any action arising within this Commonwealth" rather than "in any action arising out of acts or omissions of such corporation within this Commonwealth." under the prior statutory provision. See: Act of August 13, 1963, P. L. 703, §1, 15 P.S. §2852-1011B (Pkt. Pt.).

quiry and, in pursuing such inquiry, we examine the findings of the court below to ascertain whether such findings find support in any evidence on this record. The court below found that Briggs had "done business" in Pennsylvania and that this action arose out of Briggs' "acts or omissions" in Pennsylvania.

Resolution of the question whether Briggs had "done any business" in Pennsylvania requires consideration of what the legislature meant by "doing business" and whether, under the instant factual situation, Briggs' activities fall within the legislative intendment.

Section 1011C of the statute (Act of November 10, 1959, P. L. 1406, §1, 15 P.S. §2852-1011C provides the entry of a corporation into Pennsylvania for (a) "the doing of a series of similar acts for the purpose of thereby realizing pecuniary benefit or otherwise accomplishing an object" or (b) "doing a single act [in Pennsylvania] for such purpose, with the intention of thereby initiating a series of such acts", constitutes "doing business". By such yardstick we must evaluate that which Briggs did or did not do in determining whether the first jurisdictional requirement of §1011B has been met.

The record reveals that: (1) Briggs, a Delaware corporation, is not registered to do business in Pennsylvania and has its office and place of business in Milwaukee, Wisconsin; (2) Briggs manufactures, distributes, services and supplies machinery and equipment, including engines for pumps; (3) Briggs' executives and other employees "may" enter Pennsylvania "on an occasional or sporadic basis to visit customers and to review with [customers] areas of applicability for [Briggs'] engines and to discuss other general problems"; (4) it has two salaried employees, responsible for an area, including Pennsylvania, who enter Pennsylvania, "to maintain liaison" with and

"to review the functions of distributors and dealers" who, in the capacity of independent contractors, service Briggs' products and for their own account buy and sell replacement parts and engines; (5) it has another salaried employee who generally performs like duties with respect to "original equipment manufacturers who buy from [Briggs]"; (6) such employees have no authority to accept orders for Briggs' products; (7) all orders originating in Pennsylvania for Briggs' products are accepted only by Briggs in Wisconsin and all deliveries are made f.o.b. points in Wisconsin; (8) Briggs had contracts with two concerns—one in Pittsburgh, the other in Philadelphia—to act as "central service distributors", each buying and selling Briggs' products for its own account on orders accepted in Wisconsin calling for delivery f.o.b. points in Wisconsin and each distributor also develops sales and service outlets in Pennsylvania and adjacent states; (9) Briggs has no interest in any company nor does it have a subsidiary in Pennsylvania; (10) Briggs maintains no office or plant, has no telephone facility or bank account, nor does it purchase materials by purchase orders in Pennsylvania; (11) it does advertise in various media which appear in Pennsylvania. A review of this record convinces us that Briggs' activities are of such nature as to indicate it was "doing business" within the import of §§1011B and 1011C.

*Swavely v. Vandegrift,* 397 Pa. 281, 154 A. 2d 779 (1959), *Miller v. Kiamesha-Concord, Inc.,* 420 Pa. 604, 218 A. 2d 309 (1966), and *Hilton v. W. T. Grant Co.,* 212 F. Supp. 126—all relied on by Briggs—are factually inapposite. In our view, the factual situation more nearly approaches that in *Rufo v. The Bastian-Blessing Co.,* 405 Pa. 12, 173 A. 2d 123 (1961). Through its salaried employees who made regular monthly visits in Pennsylvania, through the sporadic visits of its executives and other employees and through the close collabo-

ration with its distributors and those dealing with its products, even though on an independent contract basis, Briggs was carrying on a "series of similar acts" for pecuniary profit in Pennsylvania.

In deciding whether Frisch's action arises out of "acts or omissions" of Briggs in Pennsylvania, we accept as true, for the purpose of this inquiry, the well-pleaded facts in the complaint. Frisch avers that, on May 25, 1959, as a pump attendant and operating engineer, he was working on a sewer construction project in Boothwyn, Delaware County; while so employed, he was working near a pump which exploded causing him personal injuries; that Briggs had manufactured the engine which was attached to the pump which exploded; that this engine had been "sold, leased, consigned, bailed and/or delivered to" either one or both of two named Philadelphia concerns which had, by either or both concerns, been "sold, leased, rented, bailed, consigned, supplied, serviced and/or delivered" to the general contractor on the sewer project by whom Frisch was employed; that Briggs knew or should have known the likelihood of persons in Frisch's status being in the vicinity of the pump, that the pump was being used in a manner to be anticipated by Briggs and that the manner of injury could have been foreseen by Briggs. Specifically, Briggs was charged with negligence as follows: (1) of failure of care in making, testing and inspecting the engine; (2) failure to warn of latent defects; (3) failure to properly design engine; (4) failure to provide proper safety designs; (5) failure to continue to warn of latent defects; (6) failure to warn after engine was discovered to be defective; (7) failure to give adequate directions for use of engine; (8) failure to adhere to proper safety standards in the manufacture, inspection and testing of the engine; (9) that it made repairs without discovering defects; (10) failure to instruct

on operation of engine; (11) failure to select proper materials to construct engine.

Despite these averments of "acts or omissions" on Briggs' part, there is upon this record no averment that such "acts or omissions" took place in Pennsylvania. The record clearly shows that the engine was manufactured in Wisconsin and that the delivery of this product, as all other products of Briggs, was made f.o.b. some point in Wisconsin to either or both of two Pennsylvania business concerns. The court below stated: "Impliedly, if not specifically, it would appear from the pleadings that [Frisch's] action arose from 'acts or omissions' of the corporation within the Commonwealth." The burden was upon Frisch, as a prerequisite to the use of the "long arm" provisions of §1011B to secure *in personam* jurisdiction, to establish that the action which he instituted arose out of "acts or omissions" of Briggs within Pennsylvania; neither impliedly nor expressly has such been shown and Frisch has not sustained his burden. See: *Rufo v. The Bastian-Blessing Co.,* supra, p. 23; *Yentzer v. Taylor Wine Co.,* 409 Pa. 338, 340, 341, 186 A. 2d 396 (1962); *Saccoccia v. Stough,* 198 F. Supp. 169, 171 (W. D. Pa.) (1961); *Kramer v. Lakeside Laboratories Co.,* 200 F. Supp. 530 (E. D. Pa.) (1962); *Flaherty v. United Engineers and Constructors, Inc.,* 213 F. Supp. 835 (1961).

While the instant record indicates that Briggs had been "doing business" in Pennsylvania and that, thus, the first jurisdictional requirement upon which substituted service can be predicated has been met, yet the record does not show, either impliedly or expressly, that this action arose out of any "acts or omissions" committed in Pennsylvania. By reason of the failure to establish the second jurisdictional requirement, the substituted service of the complaint upon Briggs was

ineffective and the court below did not acquire jurisdiction over the person of Briggs.

Order reversed. Costs on Frisch.

---

DISSENTING OPINION BY MR. JUSTICE ROBERTS:

The record reveals that in the course of doing business in Pennsylvania the defendant, Briggs & Stratton Corporation, sent agents into the Commonwealth to give its customers technical advice regarding performance characteristics, sales suggestions, and service problems relating to its products. I fail to see how plaintiff's pleadings can be read other than as averring that defendant's failure during these forays to, inter alia, adequately warn of foreseeable latent dangers and defects, or to give adequate directions for the proper and safe use of its product, was wholly or partially responsible for his injury. In my view, the court below properly exercised jurisdiction over the defendant because these failures, if proved, constitute "acts or omissions" within the meaning of §1011B of the Act of May 5, 1933, P. L. 364, as amended, August 19, 1953, 15 P.S. §2852-1011B.

Accordingly, I dissent.