## Schechtman v. Beatty, Jr.

*Donald F. Manchel*, for plaintiffs.
*Gerard J. Carpency*, for defendant.

BARBIERI, J., June 13, 1968.—The matter before the court in this case is a petition for an extension of time in which to join an additional defendant. The original claim is in trespass against a physician for alleged malpractice in Bucks County while defendant was attending the wife-plaintiff because of injuries suffered by her in an automobile accident. Defendant now petitions to join the driver of the other vehicle involved in the accident under Pa. R. C. P. 2254(b), seeking court approval for a late filing after the 60-day period in the rule had expired. The complaint was filed on May 17, 1967, and the petition to extend the time to join the added defendant, Richard Ross, was filed on October 27, 1967. Defendant's petition was denied by this court and he has appealed to the Supreme Court.

Some of the obvious questions that arise, such as the late filing and the fact that separate torts are involved,* would ordinarily not need to be discussed, since this court's decision was based upon the view that there was a simple lack of any right in defendant to have service by deputization upon the alleged added defendant, Richard Ross, a Bucks County resident.

We concluded that there was no way in which defendant herein could be qualified to have deputized service upon Richard Ross under Pa. R. C. P. 1009. The recent amendment to the rule, subsection (e), provides:

"When an action is commenced against an individual in a county in which the cause of action arose or where a transaction or occurrence took place out of which the cause of action arose or is brought against two or more defendants under Rule 1006 (c), the *plaintiff* shall have the right of service in any other county by having the sheriff of the county in which the action was commenced deputize the sheriff of the other county where service may be had". (Italics supplied.)

Deputized service by a *defendant*, acting out of Philadelphia, we felt, was simply not authorized, and this court has not found, nor has there been presented to it, any authority that would support a claim to have service in a Philadelphia action over a nonresident person who could not be served here, where the accident happened in another county, such as Bucks County in this case. As is plainly stated in rule 1009 (e), quoted above (adopted on June 28, 1967, effective September 1, 1967), the right of deputized service in another county is granted only if the suit is commenced: (1)

---

* There is authority for defendant's contention that the physician who treats the injuries suffered in an automobile accident and the driver who allegedly caused them may be treated as joint tortfeasors: Trieschman v. Eaton, 224 Md. 111, 166 A. 2d 892 (1961). See Thompson v. Fox, 326 Pa. 209 (1937).

in the county in which the cause of action arose; (2) in the county where a transaction or occurrence took place out of which the cause of action arose; or (3) is brought against two or more defendants under rule 1006(c). None of the three situations set forth in the rule are found in this case. Clearly, under the rule "the plaintiff" herein would have had "the right of service" in Bucks County if she, the *plaintiff*, had sued both defendants in Philadelphia, but we concluded that the plaintiff's privilege of extended deputized service granted under the amended rule was not available to a *defendant;* and so defendant herein could not bring onto the record a nonresident as an added defendant. Because of this conclusion, we deemed it unnecessary to consider the question of whether or not rule 1009(e) should have retroactive application to this suit filed on May 17, 1967.

There is no doubt, however, that the word "plaintiff" in rule 1009(e) may be taken to include in its scope a defendant when he is seeking to join an additional defendant, for the service provision in rule 2254(a) provides:

"A defendant or additional defendant shall have the same right of service as though he were a plaintiff".

This was decided long ago in the case of Koll v. Pickford, 353 Pa. 118 (1945). But, as Koll decided, a defendant seeking to add another may be able to do so only if plaintiff could. Plaintiff herein could not have had process against Richard Ross alone by deputized service under rule 1009(e), because Ross is neither in Philadelphia County, the "transaction or occurrence" did not take place here, nor is this defendant (acting as plaintiff) seeking to commence an action "against two or more defendants under rule 1006(c)". He cannot come under rule 1006(c), which requires that venue be laid against one of the two or more defend-

ants to be proceeded against, because he is now in the role of plaintiff and cannot also treat himself as one of the "two or more" defendants upon whom the service has already attached. It follows that, although the actual plaintiff could have done this, defendant cannot, because he cannot be both plaintiff and defendant at one and the same time when seeking to raise a venue that will qualify him to have deputized service on another defendant.

There is another reason, however, why defendant may not invoke rule 1009 (e). As is pointed out previously, the 60 days provided for adding a defendant under rule 2253 expired on or about July 18, 1967, because the complaint was served upon defendant on May 18, 1967. Certainly no right to the deputized service existed under rule 1009 (e) prior to September 1, 1967, so there was no procedural right now sought that could have been kept alive by court allowance of an extension of the limited time provided in rule 2253. The effect of allowing, after September 1, 1967, the right to a procedure effective only then would be to grant a new right retroactively, rather than a mere extension of time to exercise a lapsed, but previously available, right. Our courts have never permitted this, but have uniformly adhered to the principle that the procedural law in effect when a suit is started governs procedural matters in that case: Kilian v. Allegheny County Distributors, 409 Pa. 344, 350-351 (1962); Frisch v. Alexson Equipment Corporation, 423 Pa. 247, 250 (1966).

It follows, therefore, that under any view of procedural principles, defendant may not have deputized service to join Richard Ross as an additional defendant, so that the petition to extend the time limitation in rule 2253 was properly dismissed.