**Earl ALLOWAY**

v.

**WAIN–ROY CORPORATION, David Brown Tractors, Ltd., David Brown Services, Inc.**

Civ. A. No. 68–891.

United States District Court,
E. D. Pennsylvania.

May 14, 1971.

See publication Words and Phrases for other judicial constructions and definitions.

———◆———

C. William Kraft, III, Philadelphia, Pa., for plaintiff.

James Paul Dornberger, Aaron D. Blumberg, Philadelphia, Pa., representing Wain-Roy Corp.

Oliver C. Biddle, Matthew M. Strickler, Philadelphia, Pa., representing David Brown Tractors, Ltd.

Michael E. Quinlan, Philadelphia, Pa., representing David Brown Services, Inc.

## MEMORANDUM AND ORDER

DITTER, District Judge.

The question in this case is the propriety of service upon a foreign corporation. Defendant moved to dismiss for jurisdictional reasons, contending that it was not "doing business" in Pennsylvania.

After filing suit, plaintiff caused a copy of the summons and complaint to be delivered to the Secretary of the Commonwealth. Rule 4(d) (3) of the Federal Rules of Civil Procedure authorizes service upon a statutory agent, and Pennsylvania has designated the Secretary of the Commonwealth to receive such process on behalf of corporations which are doing business in the state. During the time that elapsed between the filing of suit and the actual notice given by the Secretary to the defendant, the law of Pennsylvania was broadened as to jurisdiction over foreign corporations.[1]

Nonetheless, this action must be governed by the law in effect when suit was started: Saccoccia v. Stough,

---

1. The Business Corporation Law of May 5, 1933, P.L. 364, Art. X, § 1011, 15 P.S. § 2011, was amended on July 20, 1968, by P.L., No. 216, § 54. The amendment, which was to become effective after 30 days, added a provision which stated that "The shipping of merchandise directly or indirectly into or through [the] Commonwealth [would] be considered the doing of [business] in this Commonwealth."

198 F.Supp. 169, 170 (W.D.Pa.1961); Frisch v. Alexson Equipment Corporation, 423 Pa. 247, 250, 224 A.2d 183 (1966). This follows the general rule in federal court that jurisdiction is tested according to the circumstances that exist at the time an action is commenced: McNello v. John B. Kelly, Inc., 283 F.2d 96, 99 (3d Cir. 1960); Television Reception Corporation v. Dunbar, 426 F.2d 174, 177 (6th Cir. 1970), and under F.R. Civ.P. 3, a civil action is commenced when the complaint is filed.[2]

The burden is upon plaintiff to establish the facts necessary for the court to have jurisdiction. However, the only proof produced in this regard was that of the defendant. An affidavit submitted by Robert D. Price, former president of Wain-Roy Corporation disclosed that it was a Massachusetts Corporation, now bankrupt. It never applied for and never received a certificate of authority to do business in the Commonwealth of Pennsylvania. Wain-Roy never maintained any office, bank account, mailing address, telephone listing, or other business facility in the Commonwealth of Pennsylvania. It never had any affiliates or subsidiaries which engaged in business in this state. It never owned any property in this state nor has it ever paid or been called upon to pay any Pennsylvania tax. Wain-Roy never placed advertising in any publication printed in the Commonwealth of Pennsylvania. In both 1966 and 1967 Wain-Roy shipped five or six tractors to Pennsylvania dealers who were independent business men and handled competing tractor lines as well. The tractors were shipped to the dealers F.O.B. from Wain-Roy in Massachusetts via common carriers. All orders from Pennsylvania dealers were subject to final approval in Massachusetts where the orders were accepted or rejected. Out of total annual average sales in 1966 and 1967 of approximately 2.5 million dollars Wain-Roy made annual average sales in Pennsylvania of approximately $50,000. In order to generate goodwill, a sales representative for Wain-Roy whose territory in addition to Pennsylvania included New York, New Jersey, Maryland, Delaware, West Virginia, Ohio, Illinois and Michigan visited the Pennsylvania dealers on occasion. No products shipped by Wain-Roy to dealers in Pennsylvania were serviced by Wain-Roy and none of its officers or employees ever attended any industry meetings or conventions in Pennsylvania.

■ Under the law in existence when the complaint was filed, the test of whether the defendant was amenable to the jurisdiction of this court included "the 'entry' into the Commonwealth by the foreign corporation by the physical presence of agents or property": Cecere v. Ohringer Home Furniture Company, 208 Pa.Super. 138, 147, 220 A.2d 350 (1966). However, neither the distribution and sale of products by the defendant, Rachelson v. E. I. duPont deNemours & Company, 257 F.Supp. 257 (E.D.Pa. 1966); nor the presence of independent sales representatives of the defendant, Miller v. Kiamesha-Concord, Inc., 420 Pa. 604, 218 A.2d 309 (1966), in Pennsylvania were in and of themselves sufficient to constitute "entry" so as to render the defendant amenable to the jurisdiction of this court.

The facts in the instant case are much like those in Optico Corporation v. Standard Tool Company, 285 F.Supp. 46 (E.D.Pa.1968). In *Optico*, the court held that the defendant was not amenable to

2. On April 26, 1968, the date suit was initiated, the law in Pennsylvania provided:
    For the purposes of determining jurisdictions of courts within this Commonwealth, the entry of any corporation into this commonwealth, for the doing of a series of similar acts for the purpose of thereby realizing pecuniary benefit or otherwise accomplishing an object, or doing a single act in this Commonwealth for such purpose, with the intention of thereby initiating a series of such acts, shall constitute "doing business." 15 P.S. § 2011(c).

the service of process in Pennsylvania despite annual average sales of approximately $150,000 out of total sales of $2,000,000. Jurisdiction was not conferred by reason of the fact that defendant's salesman and service personnel made occasional visits to customers in Pennsylvania. The facts in *Optico* are stronger than those in the matter before us and we therefore conclude that the defendant was not doing business in Pennsylvania.

## ORDER

And now, this 14th day of May, 1971, the motion to dismiss of Wain-Roy Corporation is hereby granted.