Joe POOLE, individually and for and on behalf of any persons who may succeed to the rights of Corie Poole, Appellant,

v.

LYKES BROS. STEAMSHIP CO., Inc., Appellee.

No. 17729.

United States Court of Appeals
Fifth Circuit.

Jan. 5, 1960.

Samuel C. Gainsburgh, Raymond H. Kierr, New Orleans, La., for appellant.

Wm. E. Wright, Andrew R. Martinez, Andrew T. Martinez, New Orleans, La., for appellee, Terriberry, Rault, Carroll, Martinez & Yancey, New Orleans, La., of counsel.

Before JONES, BROWN and WISDOM, Circuit Judges.

PER CURIAM.

Hayes Poole, a Louisiana citizen, brought a civil action in the United States District Court for the Eastern District of Louisiana, against Lykes Bros. Steamship Co., Inc., a Louisiana corporation, and in his complaint alleged that while employed as a longshoreman engaged in unloading a cargo of sugar from the hold of a Lykes vessel, the S.S. Solon Turman, in the port of New Orleans, he was injured by the falling of a portion of the cargo upon him. The complaint charged that the injury resulted from the failure of Lykes "to provide a safe place in which to walk and work, as well as by reason of the unseaworthiness of the Steamship Solon Turman and the negligence of respondent." A motion to dismiss for lack of jurisdiction was filed by Lykes and denied by the court. Pending trial Poole died from causes unrelated to his injury. Two brothers and a sister were substituted as plaintiffs. Only one brother was alive to take this appeal. The cause was submitted to the jury on special interrogatories and the jury found that there was no unseaworthiness of the vessel resulting from improper stowage of the cargo, and found that Lykes was not negligent. On appeal it was urged by the appellant that the appellant was entitled to a judgment non obstante. Error was asserted in the refusal to give a requested instruction.

While the appeal was pending the Supreme Court decided Romero v. International Terminal Co., 358 U.S. 354, 79 S.Ct. 468, 3 L.Ed.2d 368. There it was held that there is no federal jurisdiction of a civil action for a maritime tort in the absence of diversity of citizenship between the parties. Following this decision the appellant urges that we remand with directions to the district court to transfer the case to the admiralty side and docket the case for trial. The appellee contends that the appellant is estopped to deny that there was jurisdiction and has asked that we affirm or, in the alternative, for a dismissal with prejudice.

There being no "civil action" jurisdiction, as the Romero case holds, and no conferring of jurisdiction by estoppel,

the judgment cannot stand. Transfers of causes from admiralty to the civil docket and, conversely, from the civil docket to admiralty, may be made. Mc-Afoos v. Canadian Pacific Steamships, Ltd., 2 Cir., 1957, 243 F.2d 270, certiorari denied, 355 U.S. 823, 78 S.Ct. 32, 2 L.Ed.2d 39; Petrol Corporation v. Petroleum Heat & Power Co., 2 Cir., 1947, 162 F.2d 327; 1 Barron & Holtzoff Federal Practice & Procedure 266, § 141. Whether there should be a transfer to admiralty has not been considered by the district court. We think it should be. For such proceedings and for such further proceedings, if any, as may be required, the judgment is vacated and the cause is remanded.

Vacated and remanded.