KADET–KRUGER & CO., an Illinois corporation, Plaintiff,

v.

CELANESE CORPORATION OF AMERICA, Wellington-Sears Company, Inc., Cyril C. Ryan and John K. Ryan, Defendants.

No. 62 C 1253.

United States District Court
N. D. Illinois, E. D.

April 9, 1963.

Edward H. Norton and Berger, Newmark & Fenchel, Chicago, Ill., for plaintiff.

George B. Christiansen, Neil McKay and John Perry, Winston, Strawn, Smith & Patterson, Chicago, Ill., for Wellington-Sears Co.

Joel S. Siegel Arvey, Hodes & Mantynband, Chicago, Ill., for C. Ryan and J. Ryan.

Roger W. Barrett, William Bruce Hoff, Jr., Mayer, Friedlich, Spiess, Tierney, Brown & Platt, Chicago, Ill., Gainsburg, Gottlieb, Levitan & Cole, New York City, for Celanese Corp. of America.

WILL, District Judge.

In this diversity case, defendants Cyril C. and John K. Ryan did not respond with an answer or other plea for more than four months after they were personally served with a summons and the complaint herein and for almost three months following the court's entry, on the plaintiff's motion, of an order of default against them. Now they have appeared, but only for the purpose of moving to quash the service made upon them on October 2, 1962, at their place of business in New York City. They contend that extra-territorial service was not authorized by statute, and that they have in no way consented to this Court's jurisdic-

tion. They have not, however, moved to vacate the entry of default.

Plaintiff does not deny that defendants were served outside this judicial district. Nor does it claim that personal service in New York was sanctioned by any provision of the Illinois long-arm statute, Ill. Rev.Stat.1961, ch. 110, sec. 17, or of any other law, state or federal. Its only contention is that defendants are raising a question with respect to venue, an objection to venue is waived if it is not made seasonably, and such an objection is not made in time when it is raised long after the expiration of defendants' time to answer or otherwise plead and after the entry of an order of default.

■ Plaintiff misunderstands the nature of defendants' objection. They are not questioning the Court's venue, i. e., the place where this suit may be litigated once defendants are properly served. See Rensing v. Turner Aviation Corp., D.C. N.D.Ill.1958, 166 F.Supp. 790, 794 (Campbell, J.). Rather, they are challenging the Court's jurisdiction over their persons, i. e. the Court's power to adjudicate their rights and liabilities.

■■ If, in fact, plaintiff is contending that objections to the sufficiency of process or to the Court's jurisdiction over a defendant's person must—as with an objection to venue [1]—be raised seasonably or they are waived,[2] it errs in this too. It has long been settled that *in personam* jurisdiction can be obtained in only two ways: the voluntary appearance of the defendant or service of process upon him in strict conformance with a valid statute so authorizing. See Robertson v. Railroad Labor Board, 1925, 268 U.S. 619, 622, 45 S.Ct. 621, 69 L.Ed. 1119 (Brandeis, J.). In this case, neither occurred.

■ Moreover, it is equally clear that no jurisdiction is acquired over a defendant defectively served merely because he has full knowledge of the proceedings against him. Wuchter v. Pizzutti, 1928,

276 U.S. 13, 24, 48 S.Ct. 259, 72 L.Ed. 446.

■ Rule 12, F.R.Civ.P., provides that a defendant must answer or otherwise plead "within 20 days after the service of the summons and complaint upon him." No court has suggested that this 20 day period begins to run until service has been effected in a legally permissible manner. Valid service on these defendants has not yet been made. Accordingly, defendants' motion is not untimely and must be granted.

■ The order of default, entered November 7, 1962, was conditioned upon the Court's having jurisdiction over the defendants. Since the Court lacked jurisdiction over them, the default order must be vacated.

An order consistent with the above will be entered this date.

---

1. Hoffman v. Blaski, 1960, 363 U.S. 335, 343, 80 S.Ct. 1084, 4 L.Ed.2d 1254.

2. Cf. 1A Barron & Holtzoff, Federal Practice & Procedure (Supp.1962, at 46–47).