Beatrice MARTENS, Appellant,

v.

Lyman G. WINDER, Appellee.

No. 19544.

United States Court of Appeals Ninth Circuit.

Feb. 1, 1965.

Rehearing Denied April 12, 1965.

Beatrice Martens, in pro. per.

Robert M. Brilliant, Albany, Cal., for appellee.

Before BARNES, Circuit Judge, MADDEN, Judge, U. S. Court of Claims, and KOELSCH, Circuit Judge.

BARNES, Circuit Judge:

This is an appeal from a district court order of May 14, 1964, dismissing appellant's fourth amended complaint without leave to amend. Appellant, a California resident, filed the original complaint on December 5, 1962, joining as defendants her sister, Dorothy Smith, a California resident, and her brother, Lyman Winder, a resident of Canada. Appellant subsequently amended her complaint prior to service by deleting Dorothy Smith as a party defendant.

Appellant, appearing *in propria persona*, had great difficulty in framing her complaint to the satisfaction of the district court. She was permitted to amend her complaint three times until the district court was satisfied that the complaint stated no basis upon which it could exercise jurisdiction. The district court granted the motion to dismiss on the grounds: (1) that it lacked *in personam* jurisdiction over the person of the defendant; (2) that it lacked *in rem* jurisdiction over the property involved; and (3) that appellant had failed to join an indispensable party to the third cause of action.

The complaint stated three causes of action. The first alleged that appellee had breached the confidential and fiduciary relationship with appellant that he had assumed to protect appellant's interests in certain Canadian assets, including real property, in their mother's estate. Appellant alleges that her interests in the realty and personalty of the estate have been converted by appel-

lee. The second cause of action is essentially a reiteration of the first, underscoring the fraudulent misrepresentations allegedly made by appellee. The third cause of action alleges fraudulent misrepresentations and breach of a partition agreement among appellant, appellee and Dorothy Smith concerning *certain California realty* which was the subject of their father's estate. Appellant alleged that appellee made several fraudulent misrepresentations which caused appellant to incur expenses for the prospective sale of the realty; that appellee refused to convey his interests as agreed so that appellant could effect a sale of the realty; and that appellee sought to insulate himself from liability by assigning his interests in the property by a deed of trust to Dorothy Smith.

Appellant's complaint states only one basis upon which federal jurisdiction could be founded, viz., diversity of citizenship as it relates to controversies between citizens of a state and citizens of foreign states. 28 U.S.C. § 1332. Appellant is a citizen of California; appellee is a citizen of Canada. Diversity of citizenship does unquestionably exist between the two parties. Appellee contends, however, that the district court was nevertheless without jurisdiction to entertain this suit because he was not personally served within the borders of California. Appellant contends that personal service within California was not necessary; and, alternatively, that even should the court find that California service was necessary, appellee has effectively waived his objection by appearing to defend the suit on its merits.

Rule 4 of the Federal Rules of Civil Procedure prescribes certain standards for the proper service of process on defendants to civil litigation. Subdivision (f) of that Rule provides:

"(f) Territorial Limits of Effective Service * * * All process other than a subpoena may be served anywhere within the territorial limits of the state in which the district court is held, and, when authorized by a statute of the United States

or by these rules, beyond the territorial limits of that state. * * *"

No statute of the United States exists which provides an exception to the general requirement of service within the state for an action such as appellant's in the present case. Under the 1963 Amendment to Rule 4(e) of the Federal Rules of Civil Procedure, however, an alternative possibility now exists to validate personal service of process on a non-domiciliary beyond the confines of the state in which the district court sits. This rule, as amended, reads in part:

"(e) * * * Service Upon Party Not Inhabitant of or Found within State. Whenever a statute of the United States or an order of court thereunder provides for service of a summons, or of a notice, or of an order in lieu of summons upon a party not an inhabitant of or found within the state in which the district court is held, service may be made under the circumstances and in the manner prescribed by the statute or order, or, if there is no provision therein prescribing the manner of service, in a manner stated in this rule. Whenever a statute or rule of court of the state in which the district court is held provides (1) for service of a summons, or of a notice, or of an order in lieu of summons upon a party not an inhabitant of or found within the state, * * * service may * * * be made under the circumstances and in the manner prescribed in the statute or rule."

The second sentence of the subdivision, added by the 1963 Amendment, permits resort to state procedures for service on non-resident parties and absent domiciliaries. The Amendment recognized the need for revised procedures in the face of broadening jurisdictional exercises such as non-resident motorist laws and other state "long-arm" statutes. It is necessary, therefore, to examine the California statutes to ascertain if the method of service utilized by appellant was authorized by the State procedural rules.

■ As noted in the Memorandum Opinion of the district court, Sections 412 and 413 of the California Code of Civil Procedure provide for service by publication upon non-resident defendants as well as service by mail or personal service where the foreign residence is known. In the present case, appellee was served by publication in an Oakland, California legal newspaper, and was also served personally in British Columbia, Canada. Nevertheless, *in personam* jurisdiction was not obtained over appellee because of the restrictions imposed by Section 417 of the California Code of Civil Procedure, which provides as follows:

"Where jurisdiction is acquired over a person who is outside of this State by publication of summons in accordance with Sections 412 and 413, the court shall have the power to render a personal judgment against such person *only* if he was personally served with a copy of the summons and complaint, *and* was a resident of this State (a) at the time of the commencement of the action, or (b) at the time that the cause of action arose, or (c) at the time of service." (Emphasis added.)

"Resident" is the equivalent of "domiciliary." Hartford v. Supreme Court, 47 Cal.2d 447, 304 P.2d 1 (1956).

The record of this case amply demonstrates that at all times relevant under Section 417, appellee was a resident of Canada, not of California.

■ The appellee not being a resident at any of the three times specified in section 417, said section, therefore, expressly precludes the exercise of jurisdiction within the California courts. Furthermore, as to appellant's third cause of action alleging the commission of the tort of fraudulent misrepresentation with respect to California property, no other statutory provision of California law is cited to us, nor do we find any applying to *non-residents*, which

might be deemed capable of conferring jurisdiction, even if the alleged tort is deemed to have been committed within the State of California. The only other bases for the exercise of jurisdiction over *non-resident* defendants committing allegedly tortious acts within California are the non-resident motor vehicle operator statute (Cal. Vehicle Code § 404) [1] and the non-resident airplane operator statute (Cal.Pub.Util.Code § 21414). Neither provision applies in this instance. Thus, although all the requirements of due process would seem to permit California to exercise jurisdiction over a non-resident for *any* tort (including fraudulent misrepresentation) he may commit within the State (see, e. g., Ill.Rev.Stat. c. 110, § 17 (1957)), the California legislature has not yet seen fit to enact such a comprehensive statute. We hold, therefore, that the district court properly held that it was without *in personam* jurisdiction over the appellee.

Appellant contends that if in fact appellee's defense of improper service is meritorious, he has nevertheless waived his objection by proceeding to contest the suit by filing motions for more definite statements, motions to dismiss on grounds other than a lack of *in personam* jurisdiction, and by directing interrogatories to the appellant. But such a contention ignores the express language and purpose of Rule 12 of the Federal Rules of Civil Procedure which seeks to consolidate all pre-trial defenses and objections by eliminating the distinction between general and special appearances.

Rule 12(g) expressly provides:

"(g) Consolidation of Defenses. A party who makes a motion under this rule may join with it the other motions herein provided for and then available to him. If a party makes a motion under this rule and does not include therein all defenses and objections then available to him which this rule permits to be raised by motion, he shall not thereafter make a motion on any of the defenses or objections so omitted, except as provided in subdivision (h) of this rule."

Appellee properly joined multiple defenses and objections to each of appellant's complaints. In each such motion, appellee reestablished his contention that appellant lacked jurisdiction over his (appellee's) person. Appellee was compelled to make this objection—and join in his motion all other objections and defenses enunciated in Rule 12—to appellant's original complaint and each amended complaint. By so doing, appellee did not engage in any dilatory tactics proscribed by Rule 12. He rather strictly adhered to the policy against successive pre-trial motions by consolidating his grounds in a single motion to each complaint. In this way, he followed the expedited procedures of Rule 12 and avoided a waiver of his defenses and objections under Rule 12(h).

We hold, therefore, that appellee has not waived his objections to improper service of process. Consequently, the district court properly concluded that it lacked *in personam* jurisdiction of the defendant-appellee.

We further conclude that no other federal jurisdictional basis exists upon which appellant can maintain her action. No federal *in rem* jurisdictional ground has been demonstrated by appellant, nor have we been able to conceive of one from the allegations raised. Furthermore, those controversies that do exist with respect to the California estate of the parties' father will be resolved by the presently pending action in the California Superior Court in and for the County of Alameda. Likewise, as appellant conceded in oral argument, she can seek (as a minimum) redress in Canada with respect to the properties located there.

In the absence of any basis of federal *in rem* jurisdiction, and with no authority existing under federal or California law for acquiring *in personam*

1. Now Vehicle Code 1959, § 17451.

jurisdiction by out-of-state service on an out-of-state resident under any construction of the facts presented in appellant's complaint, we find that the district court properly dismissed appellant's fourth amended complaint without leave to amend.

We find it unnecessary to examine the question of whether or not the third cause of action fails in any event for non-joinder of an indispensable party, Dorothy Smith.

Affirmed.