Lillian B. MAHONEY, Appellant,

v.

NORTHWESTERN BELL TELEPHONE
CO., a Corporation, Appellee.

No. 18629.

United States Court of Appeals
Eighth Circuit.

May 22, 1967.

A. James McArthur, of Reller, Mc-Arthur & Hays, Lincoln, Neb., for appellant.

Flavel A. Wright, of Cline, Williams, Wright, Johnson Oldfather & Thompson, Lincoln, Neb., for appellee.

Before VAN OOSTERHOUT, BLACK-MUN and GIBSON, Circuit Judges.

PER CURIAM.

This is an appeal from final order dismissing plaintiff's complaint for lack of jurisdiction. Plaintiff is a citizen of Nebraska. Defendant is incorporated in Iowa. The jurisdictional amount is present. Plaintiff alleged defendant's principal place of business is in a state other than Nebraska. Defendant in its motion to dismiss asserts its "principal place of business" as such term is used in 28 U.S.C.A. § 1332(c) is in Nebraska. Evidence was introduced in the form of affidavits and answers to interrogatories. The dispositive issue is whether the trial court's determination that defendant's principal place of business is in Nebraska is clearly erroneous. See Janzen v. Goos, 8 Cir., 302 F.2d 421, 423, 426.

■ We hold that the judgment is entitled to be affirmed on the basis of the trial court's opinion reported at D.C., 258 F.Supp. 500. The pertinent facts are fairly set out in Judge Robinson's well reasoned opinion. The proper legal standards are stated and when such principles are applied to the established facts, substantial evidentiary support exists for the determination that Nebraska is defendant's principal place of business.

Plaintiff makes the additional contention, not considered in the trial court's opinion, that defendant is estopped from denying jurisdiction. We have held that jurisdiction cannot be established by consent of the parties or by waiver. Pacific Nat'l Ins. Co. v. Transport Ins. Co., 8 Cir., 341 F.2d 514, 516; Rock Island Millwork Co. v. Hedges-Gough Lbr. Co., 8 Cir., 337 F.2d 24, 26.

■ It is equally well established that jurisdiction cannot be acquired by estoppel. Poole v. Lykes Bros. Steamship Co., 5 Cir., 273 F.2d 423; Silvers v. Maryland Cas. Co., 3 Cir., 239 F.2d 865, 868; In Re Federal Facilities Realty Trust, 7 Cir., 227 F.2d 651, 656.

Since it is clear that jurisdiction cannot be established by estoppel, no purpose will be served in determining whether the record here would support an estoppel.

The order of dismissal for lack of jurisdiction is affirmed.