Eugene Oliver DIRR, Jr., Plaintiff-Appellant,

v.

CHANCERY COURT OF HARRISON COUNTY, MISSISSIPPI, Defendant-Appellee.

No. 78–2360
Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Nov. 27, 1978.

---

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

Eugene Oliver Dirr, Jr., pro se.

Chancery Court, Harrison County, pro se.

Before GOLDBERG, AINSWORTH and HILL, Circuit Judges.

PER CURIAM:

Appellant Eugene Oliver Dirr, Jr. filed a "Petition for Restraining Order" in the federal district court for the Southern District of Texas seeking to enjoin the Chancery Court of Harrison County, Mississippi from enforcing a decree that defines his visitation rights with his children, who are in the custody of his former wife, and requires him to post $500 bond with the Mississippi court before visits will be allowed. The petition, which names no judge or other individual as a respondent, as amplified by appellant's brief, asserts that the Mississippi court's decree violates the full faith and credit clause, Article IV, Section 1 of the United States Constitution because it alters certain provisions of a decree regarding visitation rights previously issued by the Harris County, Texas Court of Domestic Relations. The federal district court in this action dismissed appellant's petition on its own motion. The court concluded that it lacked subject matter jurisdiction and that 28 U.S.C. § 2283, pertaining to the prohibition against federal courts granting an injunction to stay state court proceedings,[1] barred Dirr's request for injunctive relief.

We agree that the lower court lacked jurisdiction over this cause. Fed.R.Civ.P. 4(f) establishes the "Territorial Limits of Effective Service," providing in pertinent part that "[a]ll process other than a subpoena may be served anywhere within the territorial limits of the state in which the district court is held, and, when authorized by a statute of the United States or by these rules, beyond the territorial limits of that state." As this court has emphasized, under "the recognized general principle in the federal system" federal district courts possess no "power of foreign service of process . . . unless by the terms of a 'specific exception' created by Congress." *Hanes Supply Co. v. Valley Evaporating Co.*, 5 Cir., 1958, 261 F.2d 29, 33, 34. We know of no such "specific exception" empowering a federal court in Texas to serve process upon a Mississippi state court, and since "service of process (in the absence of a voluntary appearance or a conscious waiver) is an indispensible prerequisite to the court's jurisdiction to proceed," *Beecher v. Wallace*, 9 Cir., 1967, 381 F.2d 372, 373; *see Mooney Aircraft, Inc. v. Donnelly*, 5 Cir., 1968, 402 F.2d 400, 406, we affirm the district court's dismissal of Dirr's petition.

AFFIRMED.

---

1. 28 U.S.C. § 2283 provides that

A court of the United States may not grant an injunction to stay proceedings in a state court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.