In re SHOCKLEY FOREST INDUS-
TRIES, INC., Debtor.

SHOCKLEY FOREST INDUSTRIES,
INC., Plaintiff,

v.

SEQUOIA SUPPLY, INC., Defendant.

Bankruptcy No. 79–03369A.
Adv. No. 80–0299A.

United States Bankruptcy Court,
N. D. Georgia,
Atlanta Division.

Dec. 18, 1980.

Kirk W. Watkins, Parker, Johnson & Cook, P. C., Atlanta, Ga., for Shockley Forest.

Robert B. McCord, Jr., McCord, Cooper & Kimbrough, Hapeville, Ga., for Sequoia Supply, Inc.

## ORDER

HUGH ROBINSON, Bankruptcy Judge.

This matter comes before the Court on the defendant's "Motion to Vacate Judgment" and "Motion to Exclude" filed in the above-styled adversary proceeding. Having reviewed the briefs submitted by the parties and the pleadings on file the Court makes the following decision.

### FINDINGS OF FACT

On April 8, 1980 the debtor, Shockley Forest Industries, Inc., (hereinafter referred to as "Shockley"), filed a complaint against Sequoia Supply, Inc. ("Sequoia"), to recover $2,914.60 allegedly due and owing for lumber delivered by Shockley to Sequoia. The answering deadline set by the Court in the "Summons and Notice of Pre-Trial Conference" was May 8, 1980. Sequoia's answer was filed on May 29, 1980. Because Sequoia failed to plead or otherwise defend against the complaint in a timely manner the Court entered a judgment by default on June 6, 1980.

A "Motion to Vacate Judgment" was filed by Sequoia on June 17, 1980. It is alleged that an answer was prepared for a timely filing, but due to the disruption caused by the departure of one of the members of the law firm of Sequoia's attorney, McCord, Cooper, Voyles & Kimbrough, the filing was not accomplished until after the answering deadline had passed.

To support its opposition to Sequoia's motion to vacate judgment, Shockley submitted the transcript of the deposition of Mr. Charles M. Voyles, the attorney who withdrew from McCord, Cooper, Voyles & Kimbrough. The submission of this transcript prompted Sequoia to file a motion to exclude the transcript from the record. Sequoia has asserted several objections to the introduction of this deposition which will be discussed more fully hereafter.

A hearing on the motion to vacate was held before the Court on July 31, 1980. At the hearing the issue of the sufficiency of service of process was raised.

Shockley served Sequoia by personal service made on Mr. Frank Posedel in Wilsonville, Oregon. Mr. Posedel is a credit manager of Sequoia. Sequoia contends that Mr. Posedel was not a proper person to receive service on its behalf. Shockley argues that any objections to the sufficiency of service of process have been waived by Sequoia's failure to assert them in a motion or answer.

## APPLICABLE LAW

### OBJECTION TO SUFFICIENCY OF SERVICE OF PROCESS

The first matter which must be considered is whether Debtor waived objections to the sufficiency of service of process. Part (h)(1) of Rule 12 of the F.R.Civ.P. governs the waiver issue. This rule reads:

"(1) A defense of lack of jurisdiction over the person, improper venue, insufficiency of process, or insufficiency of service of process is waived (A) if omitted from a motion in the circumstances described in subdivision (g), or (B) if it is neither made by motion under this rule nor included in a responsive pleading or an amendment thereof permitted by Rule 15(a) to be made as a matter of course."

Insufficiency of service of process is one of the defenses specified in Rule 12(b) which may be made by motion before pleading. This was not done by Sequoia nor was an answer timely filed which asserted this defense.

Generally a defaulting party is held to have waived the defenses enumerated in Rule 12(h)(1). *Clover Leaf Freight Lines, Inc. v. Pacific Coast Wholesalers Association,* 166 F.2d 626 (7th Cir. 1948) (objection to venue); *Bavouset v. Shaw's of San Francisco,* 43 F.R.D. 296 (S.D.Tex.1967) (objection to jurisdiction over the person); *Geo.– Physical Maps, Inc. v. Toycraft Corporation,* 162 F.Supp. 141 (S.D.N.Y.1958) (objection to venue); *Zwerling v. New York & Cuba Mail S. S. Co.;* 33 F.Supp. 721 (E.D.N.Y.1940) (objection to venue); c. f. *Savarese v. Edrick Transfer & Storage, Inc.,* 513 F.2d 140 (9th Cir. 1975) (objection to sufficiency of service of process); Wright & Miller, *Federal Practice and Procedure:* Civil

§ 1391. However there are cases which hold that a party in default has not waived the defenses in Rule 12(h)(1).

In *United States v. Marple Community Record, Inc.*, 335 F.Supp. 95 (E.D.Pa.1971) a default judgment had been entered against the defendant. The court granted the defendant's motion to set aside the default judgment and allowed the defendant 30 days to file an answer. A challenge to the validity of service of process was interposed in the answer. It was held that this objection was filed in a timely manner since the order that lifted the default allowed the defendant 30 days to file an answer.

The defaulting parties were allowed to file a motion to quash service in *Kadet–Kruger & Co. v. Celanese Corporation of America*, 216 F.Supp. 249 (N.D.Ill.1963). In the motion it was alleged that the parties were not properly served and that the Court therefore had not acquired personal jurisdiction. It was said by the Court:

> "Rule 12, F.R.Civ.P., provides that a defendant must answer or otherwise plead 'within 20 days after the service of summons and complaint upon him.' No court has suggested that this 20 day period begins to run until service has been effected in a legally permissible manner. Valid service on these defendants has not yet been made. Accordingly, defendant's motion is not untimely and must be granted."

216 F.Supp. at 250.

In *Berlanti Construction Company, Inc. v. Republic of Cuba*, 190 F.Supp. 126 (S.D.N.Y. 1960) it was held that Rule 12(h) does not apply to defaulting parties. The court said that Rule 12(h) envisages that a party previously appeared before the court and failed to assert his defense.

This particular case was cited with approval by the Fifth Circuit in *Mooney Aircraft, Inc. v. Donnelly*, 402 F.2d 400 (5th Cir. 1968). In this case the plaintiff brought suit against Mooney Aircraft, Inc. in a United States district court in Pennsylvania. As provided in Rule 4(d)(7) of the F.R.Civ.P. the plaintiff served Mooney through procedures prescribed by Pennsylvania state law. Service of process was made by personal service on a Pennsylvania distributor of Mooney aircraft and substituted service by certified mail was made on the Secretary of the Commonwealth of Pennsylvania. Mooney was notified of the suit but did not enter the district court proceedings. Thereafter judgment by default was entered against Mooney, and the judgment was registered in a United States district court in Texas. Mooney filed a motion to quash registration and to quash execution alleging that the judgment had not been brought under the jurisdiction of the Pennsylvania district court. The actual procedures followed to serve process were not challenged, rather, Mooney contended that neither attempt at service was authorized by Pennsylvania law.

After reviewing Pennsylvania state law the Fifth Circuit concluded that neither the personal service on Mooney's distributor nor the substituted service on the Secretary of the Commonwealth was effective. The Fifth Circuit rejected the argument that Mooney was barred by waiver or laches from asserting objections to service of process. It was said by the court:

> "If we were to accept the administrator's argument here, [of waiver and laches] we would deny Mooney's right to remain silent and would make a mockery of jurisdictional safeguards. This we will not do. Inaction in response to nonauthorized action cannot render such action valid. The doctrine of laches has never been jurisdiction creating."

402 F.2d at 406.

The Court further explicates its position in this statement:

> "In a concluding argument the administrator casts ominous forebodings against allowing defendants to stand passive while judgments are being rendered against them. Such argument does not convince us that Mooney, by risking default judgment, should lose its legal rights. Our role is not to reward legal courage or to penalize legal cowardice."

402 F.2d at 407.

The Fifth Circuit reversed the district court's denial of Mooney's motion to quash registration and to quash execution.

This case may be distinguished from the instant case. In *Mooney*, the defendant's failure to respond was the result of a deliberate choice not to enter into the proceedings. This refusal to appear was, in itself, an objection to the sufficiency of service of process and to the jurisdiction of the Pennsylvania district court. When the plaintiff attempted to register and execute on the default judgment Mooney formally asserted the jurisdictional objections in the first pleading he filed in the case.

■ In the instant case Sequoia's failure to respond appears to be inadvertent. Objections to the sufficiency of service of process were not asserted in Sequoia's motion to vacate. In fact, the motion requests relief from the default judgment on the theory of excusable neglect. Under the circumstances of this case the Court concludes that Sequoia has waived any objections it may have to the sufficiency of service of process.

## MOTION TO EXCLUDE

Sequoia submitted the affidavit of its attorney, Mr. Robert M. McCord, Jr., in support of its motion to vacate. In the affidavit McCord testifies that an answer to Shockley's complaint was given another partner in McCord's firm, Mr. Charles M. Voyles, on or about April 29, 1980. Mr. Voyles allegedly was to appear in the bankruptcy court on that date and was to file the answer for McCord. For some unknown reason the answer was not filed at that time. Voyles shortly thereafter withdrew from the partnership of McCord, Cooper, Voyles & Kimbrough. It is alleged that because of the ensuing disruption caused by Voyles' departure the answer was mislaid and was not discovered until May 29, 1980, the date on which the answer was filed.

Shockley took the deposition of Voyles and filed the transcript thereof with the Court. A motion to exclude this deposition from the record was filed by Sequoia. It is asserted that the deposition should be excluded for the reasons that McCord received only 14 hours notice of the taking of the deposition, the sworn statement erroneously implies that McCord appeared at the deposition on behalf of Sequoia, the sworn statement was submitted to the Court without Voyles' signature contrary to Voyles' refusal to waive signature, McCord had no time to prepare Voyles as a witness and the sworn statement invades the privacy of McCord's law firm.

■ After careful consideration of these objections the Court concludes that they are without merit. Therefore the motion to exclude will be denied.

## MOTION TO VACATE JUDGMENT

■ It is the clear policy of the Fifth Circuit that drastic sanctions such as the entry of judgment by default or dismissal for failure to prosecute are to be applied only in extreme cases. *Pond v. Braniff Airways, Inc.*, 453 F.2d 347 (5th Cir. 1972); *Flaksa v. Little River Marine Construction Company*, 389 F.2d 885 (5th Cir. 1968) cert. denied 392 U.S. 928, 88 S.Ct. 2287, 20 L.Ed.2d 1387 (1968). Such sanctions are appropriate only where there has been a clear record of delay or contumacious conduct. *E. F. Hutton & Company, Inc. v. Moffatt*, 460 F.2d 284 (5th Cir. 1972).

■ The Court has reviewed the affidavit of McCord, the sworn statement of Voyles and the briefs of the parties. It is apparent that the failure to file a timely answer was due to an oversight which occurred at a time when the law firm of McCord, Cooper, Voyles & Kimbrough was undergoing a significant internal change. An answer was filed on May 29, 1980 approximately three weeks after the answering date had passed, and a motion to vacate was filed promptly after judgment by default was entered. There is no clear record of delay or contumacious conduct in this case which would warrant a sanction as severe as judgment by default. Accordingly, the Court concludes that Sequoia's motion to vacate should be granted.

## CONCLUSIONS OF LAW

1. By failing to assert objections to the sufficiency of service of process in its mo-

tion to vacate judgment, Sequoia waived such objections under Rule 12(h)(1) of the F.R.Civ.P.

2. The sworn statement of Mr. Charles M. Voyles is admissible evidence which may be considered by the Court.

3. There is no clear record of delay or contumacious conduct on the part of Sequoia. Therefore the severe sanction of judgment by default is inappropriate in this case. It is therefore

ORDERED that the "Motion to Exclude" filed by Sequoia shall be and same is hereby denied; and it is further

ORDERED that the "Motion to Vacate Judgment" filed by Sequoia shall be and same is hereby granted.

SO ORDERED.